FILE COPY

PREET BHARARA
United States Attorney for the
Southern District of New York
By: REBECCA C. MARTIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2714



09 CV 7364

RECEIVED
AUG 20 2009
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        Plaintiff,

- against -

STEVEN E. GINSBERG,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COMPLAINT**

09 Civ.

      The United States of America, by its attorney Preet Bharara, United States Attorney for the Southern District of New York, for its complaint alleges as follows:

      1.    This is a civil action brought on behalf of the United States of America ("United States" or the "Government") against defendant Steven E. Ginsberg, DPM ("defendant" or "Ginsberg"), under the False Claims Act, 31 U.S.C. §§ 3729 et seq. (the "False Claims Act"), to recover damages sustained by the United States as the result of defendant having made false claims to Medicare for reimbursement in connection with purportedly providing podiatric services.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims brought under the False Claims Act pursuant to 31 U.S.C. § 3730(a), and 28 U.S.C. §§ 1331, 1345.

3. Venue lies in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b), 1391(c), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, as described below.

## PARTIES

4. Plaintiff is the United States, on behalf of its agency the U.S. Department of Health and Human Services ("HHS").

5. Defendant is Steven E. Ginsberg, a podiatrist who performed podiatric procedures on Medicare patients in the New York City metropolitan area, primarily in the Bronx and, to a lesser extent, Queens.

## THE MEDICARE PART B PROGRAM

6. The United States, through HHS, administers the Supplementary Medical Insurance Program for the Aged and Disabled, established by Part B, Title XVIII, of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("Medicare Program"). Part B of the Medicare Program is a federally subsidized health insurance system for disabled persons or persons who are 65 or older. Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), formerly known as the Health Care Financing Administration, of HHS. Medicare benefits and non-institutional health care provider reimbursements are paid, in part, from general tax revenue and premiums are paid by program enrollees.

7. At all times relevant, Empire Medicare Services ("Empire"), formerly known as Empire Blue Cross and Blue Shield, was the local carrier under contract to administer Medicare claims arising from services provided in the Bronx, among other places. At all times relevant, Group Health Incorporated ("GHI") was the local carrier under contract with Medicare to process Medicare claims arising from services provided in Queens, among other places.

8. At all times relevant, medical providers, including podiatrists, who sought reimbursement for medical services from Medicare were required to submit claims to the appropriate local carrier. In submitting these claims, medical providers are required to identify the services they perform by using the codes contained in the American Medical Association's Current Procedural Terminology manual, which are commonly referred to as "CPT codes." The claims were also required to reflect, among other things: (a) the diagnosis code that accurately identified the medical diagnosis or the patient's condition; (b) the date the service was rendered; and (c) the name of the patient who received the service. Upon receiving a provider's claim, the local carriers, each applying its own and CMS's policies, determined whether the procedure or service was medically necessary and whether or not the claim otherwise qualified for payment. The local carriers also computed the proper amount of the reimbursement for qualified claims.

9. At all times relevant, Medicare's reimbursement to providers varied depending on the type, level and complexity of the service rendered. This information was reflected in the CPT code included in the claim submitted to the local carrier. At all relevant times, defendant submitted his claims to the local carriers electronically. Before the Medicare carriers accept electronically-submitted claims, each provider is required to agree in writing that

he is responsible for the accuracy of the Medicare claims submitted on his behalf and that all claims submitted under his provider number will be accurate, complete and truthful.

10. At all times relevant, Empire and GHI also required that its participating providers fully document all of the work they performed.

11. At all times relevant, under the Medicare regulations, a provider could bill only for services such as examinations, tests and procedures that had actually been rendered and that were medically necessary.

## DEFENDANT'S IMPROPER BILLING OF MEDICARE

12. From at least in or about July 2003 through in or about October 2008, the defendant billed Medicare for podiatric services he purportedly rendered to Medicare beneficiaries.

13. From at least in or about July 2003 through in or about October 2008, the defendant submitted and caused to be submitted false and misleading reimbursement claims to Medicare. These claims were false and fraudulent in one or more of the following ways:

a. <u>Billing for Services and Procedures That Were Never Performed</u>: These claims falsely and fraudulently represented that defendant had performed certain services or procedures on a patient, including, among other things, chemical cauterization procedures, incision and drainage procedures, nerve conduction studies, X-rays and interpretation, and debridement and avulsion procedures, when the procedures and services were not performed.

b. <u>Billing for Medically Unnecessary Services and Procedures</u>: These claims falsely and fraudulently represented that a patient needed a certain service and/or procedure when the service and/or procedure was not medically necessary.

4

c. Falsifying Medical Records: Defendant falsified medical records by falsely documenting he had performed certain services that were not rendered.

14. As a result of his misrepresentations regarding the true nature of the podiatric services he provided, defendant sought and received reimbursements from Medicare in amounts that substantially exceeded the allowance, if any, for the services that were actually provided.

## DEFENDANT'S GUILTY PLEA

15. On December 11, 2008, defendant entered a plea of guilty to counts one through seven of a superseding information. Attached hereto as Exhibit A is a true copy of the transcript of the plea allocution.

16. Count one of the superseding information charged defendant with defrauding Medicare through submission of false and fraudulent claims for purported podiatric services from July 2003 through October 2008, in violation of 18 U.S.C. § 1347. Attached hereto as Exhibit B is a true copy of the superseding information.

## THE FALSE CLAIMS ACT

17. The False Claims Act provides, in pertinent part, that:

(a) Any person who (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

(a) (1) (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim . . .

\* \* \*

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person .
. . .

5

(b) For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.

31 U.S.C. § 3729 (2000 and May 2009)[1].

18.     Under the False Claims Act,

Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

31 U.S.C. § 3731(d) (2000).

## FIRST CLAIM
### Violations of the False Claims Act
### (31 U.S.C. § 3729(a)(1))

19.     The United States incorporates by reference paragraphs 1-18 above.

20.     As set forth above, in connection with the foregoing scheme, defendant knowingly presented or caused to be presented to an officer, employee, or agent of the United States false or fraudulent claims for payment or approval.

---

[1] The False Claims Act was amended on May 20, 2009, by the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. Law No. 111-21. FERA amended 31 U.S.C. §§ 3729(a)(1), 3729(a)(2) and 3729(a)(3). However, only the amendment to § 3729(a)(2), re-designated as 31 U.S.C. § 3729(a)(1)(B), applies to this action. See Pub. L. No. 111-21, §4(f), 123 Stat 1617, 1625 (FERA's amendments "apply to conduct on or after the date of enactment, except that" the amendment to 31 U.S.C. § 3729(a)(2) . . . "take effect as if enacted on June 7, 2008, and apply to all claims under the [FCA] pending on or after [June 7, 2008]").

21. The United States, through its Medicare carrier, paid such false or fraudulent claims because of the acts of defendant.

22. By reason of the acts and conduct of defendant in violation of 31 U.S.C. § 3729(a)(1), the United States has sustained damages in an amount to be determined at trial.

## SECOND CLAIM

### Violations of the False Claims Act
### (31 U.S.C. § 3729(a)(1)(B))

23. The United States incorporates by reference paragraphs 1- 18 above.

24. As set forth above, in connection with the foregoing scheme, defendant knowingly made, used or caused to be made or used, false records and statements to get false or fraudulent claims paid or approved by the United States.

25. The United States, through its Medicare carrier, paid such false or fraudulent claims because of the acts of defendant.

26. By reason of the acts and conduct of defendant in violation of 31 U.S.C. § 3729(a)(1)(B), the United States has sustained damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, requests that judgment be entered in its favor and against defendant as follows:

A. On the First and Second Claims under the False Claims Act, for treble damages, less any restitution paid to Medicare, plus an $11,000 penalty for each false claim;

B.   On the First and Second Claims for Relief, an award of costs pursuant to 31 U.S.C. § 3729(a);

C.   Awarding such further relief as is proper.

Dated:   New York, New York
August 20, 2009

>PREET BHARARA
>United States Attorney for the
>Southern District of New York
>Attorney for the United States of America
>
>By: *Rebecca C. Martin*
>REBECCA C. MARTIN
>Assistant United States Attorney
>86 Chambers Street, 3rd Floor
>New York, New York 10007
>Telephone: (212) 637-2714
>Facsimile: (212) 637-2686
>rebecca.martin@usdoj.gov

TO:  Avraham Chaim Moskowitz
Jonathan Konovitch
Moskowitz & Book, LLP
1372 Broadway, 14th floor
New York, NY 10018
Telephone: (212) 221-7999
Facsimile: (212) 398-8835
Email: amoskowitz@moskowitzandbook.com