PREET BHARARA
United States Attorney for the
Southern District of New York
By: REBECCA C. MARTIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2714

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

          Plaintiff,

  - against -

STEVEN E. GINSBERG,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/10
```

STIPULATION AND ORDER
OF SETTLEMENT

09 Civ. 7364 (SHS)

WHEREAS, the United States of America (the "United States"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, filed a civil complaint (the "Complaint") against Steven E. Ginsberg ("defendant"), under the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act"), and the common law, alleging, inter alia, that, from in or about July 2003 through in or about October 2008, defendant engaged in a scheme to defraud the United States by knowingly presenting, or causing to be presented, to the United States false or fraudulent claims for Medicare payments for podiatric services that were never rendered or not medically necessary;

WHEREAS, this Stipulation covers all of the claims alleged in the Complaint against the defendant (the "Covered Conduct");

WHEREAS, defendant hereby appears and consents to the entry of this Stipulation; and

WHEREAS, the defendant and the United States (the "parties") desire to reach a full and final compromise of the claims that the United States asserts in the Complaint;

NOW, THEREFORE, the parties, in consideration of the promises, obligations, undertakings and commitments hereinafter set forth, hereby agree as follows:

1. The parties consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2. Defendant agrees to the entry of a judgment against him and in favor of the United States (in the form attached hereto as Exhibit A) for the sum of one million, fourteen thousand, nine hundred fifty two dollars and seventy eight cents ($1,014,952.78) (the "Settlement Amount"). This Settlement Amount shall constitute a debt due and owing upon entry of this Stipulation by the Court and is to be satisfied by payment to the United States under the following terms and conditions:

   i. Defendant shall satisfy and provide a receipt from the United States Marshal's Office or the United States Attorney's Office demonstrating satsifaction of the Order of Forfeiture entered on November 19, 2009, in the matter of U.S. v. Ginsberg, 08 Cr. 194 (SHS); and

   ii. In addition, Defendant shall pay $507,476.39 to the United States within three (3) calendar days of entry of this Stipulation and Order. Defendant shall make such payment by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office, Southern District of New York.

3. Subject to the exceptions in Paragraph 5, in consideration of the obligations of the defendant set forth in this Stipulation, and conditioned upon defendant's payment and

satisfaction in full of the Settlement Amount pursuant to Paragraph 2, the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release the defendant from any civil monetary claim the United States has or may have against defendant for the Covered Conduct and under the False Claims Act, 31 U.S.C. §§ 3729-3733, or under the common law or equitable theories of fraud, unjust enrichment, and payment under mistake of fact.

4. The defendant agrees to release the United States, its agencies, departments, officers, employees, servants and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated), which defendant has asserted, could have asserted, or may assert in the future against the United States or its agencies, departments, officiers, employees, servants, and agents related to the matters covered by the Complaint, the United States' investigation and prosecution thereof, and this Stipulation.

5. Notwithstanding any term of this Stipulation, including the release provided by the United States in Paragraph 3, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation as to any entity or person:

    a. Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Any administrative liability;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e. Any claims based upon such obligations as are created by this Stipulation; and

  f. Any liability to the United States of any entity or person, including but not limited to any joint tortfeasor, that or who is not released by the terms of this Stipulation.

  6. In the event of a criminal prosecution or administrative action relating to the Covered Conduct, the defendant waives and will not assert any defenses he may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action.

  7. Nothing in this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code.

  8. The defendant shall be in default of this Stipulation if he fails to make the payments set forth in Paragraph 2(i) and (ii) on or before their respective due dates. The United States will provide written notice of the default, to be sent by email and first-class mail to the undersigned attorneys for the defendant. In the event of default, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 5% per annum compounded daily on the remaining unpaid principal balance, beginning seven (7) business days after delivery of the notice of default. If the Settlement Amount, with all accrued interest, is not paid in full within seven (7) business days after delivery of the notice of default, the United States, at its option, may: (a) rescind this Stipulation and reinstate the Complaint filed in this action; (b) seek specific performance of the Stipulation; (c) offset the remaining unpaid balance from any amounts due and owing defendant by any department, agency or agent of the United States at the time of default; or (d) exercise any other rights granted by law, or under the terms of this

Stipulation, or recognizable at common law or in equity. Defendant agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. In addition, defendant shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, the defendant expressly agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct.

9. Defendant agrees that he will not seek payment for any healthcare services covered by this Stipulation from any health care beneficiaries or their parents or sponsors. Defendant hereby waives any causes of action against these beneficiaries or their parents or sponsors or claims for payment relating to the Covered Conduct.

10. All costs (as defined in the Federal Acquisition Regulation 48 C.F.R. § 31.205-47, and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg and 1396-1396v, and the regulations and official program directives promulgated thereunder) incurred by or on behalf of defendant in connection with the following shall be "unallowable costs" on all Government contracts and under the Medicare Program, Medicaid Program, the TRICARE Program and Federal Employees Health Benefits Program ("FEHBP"):

    a. the matters covered by this Stipulation and Order;

    b. the United States' audit(s) and civil and criminal investigation(s) of the matters covered by Complaint in this action, and this Stipulation and Order;

        c.        Defendant's investigation, audit, defense, and corrective actions undertaken in response to the United States' audit(s) and investigation(s) in connection with the matters covered by the Complaint, and this Stipulation and Order (including attorney's fees);

        d.        the negotiation and performance of this Stipulation and Order; and

        e.        the payments of the Settlement Amount by defendant to the United States;

11.        If applicable, unallowable costs as set forth in paragraph 10 will be separately determined and accounted for by defendant, and defendant will not charge such unallowable costs directly or indirectly to any contracts with the United States or any State Medicaid Program, or seek payment for such unallowable costs through any cost report, cost statement, information statement, or payment request submitted by defendant to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

12.        Defendant further agrees that within ninety (90) days of the Effective Date of this Stipulation and Order, he will identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors and FEHBP fiscal agents, any unallowable costs, as defined in Paragraph 10, included in payments previously sought from the United States, or any State Medicaid Program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by defendant and will request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. Defendant agrees that the United States, at a minimum, will be entitled to recoup from defendant any overpayment plus applicable interest and penalties as a result of the inclusion of such unallowable costs on previously-submitted cost reports, information reports, cost statements, or requests for payment. If applicable, any payments due after the adjustments

have been made shall be paid to the United States pursuant to the direction of the Department of Justice, and/or the affected agencies.

14. The United States reserves its rights to disagree with any calculations submitted by defendant on the effect of inclusion of unallowable costs (as defined in Paragraph 10) on defendant's cost reports, cost statements, or information reports. In addition, nothing in this Stipulation and Order shall constitute a waiver of the rights of the United States to examine, or re-examine defendant's books and records to determine the unallowable costs described in Paragraph 10.

14. Defendant expressly warrants that he has reviewed his financial situation and that he currently is not insolvent or unable to pay his debts as they become due as of the date hereof and will not become insolvent following payment of the Settlement Amount, within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I). Further, the parties expressly warrant that, in evaluating whether to execute this Stipulation, they (i) have intended that the mutual promises, covenants, and obligations set forth in this Stipulation constitute a contemporaneous exchange for new value given to defendant, within the meaning of 11 U.S.C. § 547(c)(1); and (ii) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, each party warrants that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay, or defraud any entity to which such party is or will become indebted on or after the date of the payment of the Settlement Amount, within the meaning of 11 U.S.C. § 548(a)(1).

15. In the event that defendant commences, or a third party commences, within 91 days of any payment under this Stipulation and Order, any case, proceeding, or other action (i)

under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have any order for relief of defendant's debts, or seeking to adjudicate defendant as bankrupt or insolvent; or (ii) seeking appointment of a receiver, trustee, custodian, or other similar official for defendant or for all or any substantial part of defendant's assets, defendant agrees as follows:

      a.     Defendant's obligations under this Stipulation and Order may not be avoided pursuant to 11 U.S.C. §§ 547 or 548, and defendant will not argue or otherwise take the position in any such case, proceeding, or action that: (i) defendant's obligations under this Stipulation and Order may be avoided under 11 U.S.C. §§ 547 or 548; (ii) defendant was insolvent at the time this Stipulation and Order was entered into, or became insolvent as a result of the payment made to the United States hereunder; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation and Order do not constitute a contemporaneous exchange for new value given to defendant.

      b.     If defendant's obligations hereunder are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind its agreement to this Stipulation and Order, and bring any civil and/or administrative claim, action, or proceeding against defendant for the claims that would otherwise be covered by the release provided in Paragraph 3, above. If the United States chooses to do so, defendant agrees that (i) he will not contend that any such claims, actions or proceedings brought by the United States (including any proceedings to exclude defendant from participation in Medicare, Medicaid, or other Federal health care programs) are subject to an automatic stay pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceeding described in the first clause of this Paragraph; (ii) he will not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel,

8

or similar theories, to any such civil or administrative claims, actions, or proceedings which are brought by the United States within thirty (30) calendar days of written notification to defendant that the releases herein have been rescinded pursuant to this Paragraph; and (iii) he will not contest the validity of a claim filed by the United States against defendant in the amount of one million, fourteen thousand, nine hundred fifty two dollars and seventy eight cents ($1,014,952.78) as a priority unsecured claim, and the United States may pursue its claim, inter alia, in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

    c.    Defendant acknowledges that the agreements as set forth in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation and Order.

16. Each party to this Stipulation will bear its or his own legal and other costs incurred in connection with this matter, including costs incurred in connection with the preparation and performance of this Stipulation.

17. This Stipulation is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation as it relates to this action will be the United States District Court for the Southern District of New York.

18. This Stipulation constitutes the complete agreement between the parties. This Stipulation may not be amended except by written consent of the United States and the defendants.

19. Subject to the exceptions in Paragraph 5, in consideration of the obligations of the defendant in this Stipulation, conditioned upon the defendant's timely full satisfaction and payment of the Settlement Amount pursuant to Paragraph 2, this action shall be dismissed with

prejudice against the defendant as to all claims the United States has asserted against him as described with particularity in the Complaint, and to the extent of, and as governed by, this Stipulation; provided, however, that the Court shall retain jurisdiction over this Stipulation and each party to the extent the obligations herein remain unsatisfied by that party. The dismissal of this action shall be subject to Paragraph 5 herein.

20. The undersigned persons signing this Stipulation on behalf of the defendant represent and warrant that they are authorized by the defendant to execute this Stipulation. The undersigned United States signatory represents that she is signing this Stipulation in her official capacity.

21. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

22. The effective date of this Stipulation is the date on which this Stipulation is entered by this Court.

Dated: New York, New York
       January 21, 2010

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____
REBECCA C. MARTIN
Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2714
Fax. No.: (212) 637-2686
rebecca.martin@usdoj.gov

Dated: January 21, 2010

                                        MOSKOWITZ, BOOK & WALSH, LLP
                                        Attorneys for Defendant
                                        Steven E. Ginsberg

By: _____
                                        AVRAHAM CHAIM MOSKOWITZ, Esq.
                                        JONATHAN KONOVITCH, Esq.
                                        345 Seventh Avenue
                                        New York, NY 10001
                                        Tel. No.: (212) 221-7999
                                        Fax No.: (212) 398-8835
                                        AMoskowitz@mbwllp.com
                                        JKonovitch@mbwllp.com

SO ORDERED: 1/21/10

_____
SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

11

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA,                            :
:
               Plaintiff,          :    STIPULATION AND ORDER
:    OF SETTLEMENT
- against -                                                         :
:    09 Civ. 7364 (SHS)
STEVEN E. GINSBERG,                                   :
:
               Defendant.        :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      WHEREAS, the United States of America (the "Government") filed its Complaint in this action on August 20, 2009, and defendant Steven E. Ginsberg ("defendant") was duly served with a copy of the Complaint, and has accepted service thereof;

      WHEREAS, on or about January 21, 2010, the parties hereto entered into a Stipulation and Order of Settlement of Settlement (the "Stipulation") resolving all of the claims alleged in the Government's Complaint against the defendant, and presented such Stipulation to the Court;

      WHEREAS, on or about January 21, 2010, this Court signed the Stipulation and, accordingly, it is so ordered;

      NOW, THEREFORE, it is hereby ORDERED AND ADJUDGED as follows:

      1.    The United States shall have judgment against the defendant in the sum of one million, fourteen thousand, nine hundred fifty two dollars and seventy eight cents ($1,014,952.78), to be paid in accordance with the terms of the Stipulation, and the United States shall have execution therefor.

      2.    The above-captioned action is dismissed with prejudice, without costs or fees to either party.

Dated: New York, New York
            _____, 2010      CLERK OF COURT